

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LUCY GOUDY SADLER      PLAINTIFF

VERSUS      CIVIL ACTION NO. 1:05cv194WJG-JMR

FRED LUSK      DEFENDANT

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Lucy Goudy Sadler, an inmate at the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. As directed, Sadler has filed her amended complaint.[1] The only named Defendant is Fred Lusk, an attorney whose business address is 178 Lameuse Street, Biloxi, Mississippi 39530. As relief, Sadler seeks her freedom and monetary damages.

## Background

According to the original complaint and the amended complaint filed in this cause, Lusk represented Sadler in a criminal case. (Ct. R., Docs. 1 & 19.) Sadler complains that Lusk was ineffective in representing her and that he also coerced her into waiving her rights. As a result, Sadler contends that she entered a guilty plea and she was sentenced to four years in the custody of the Mississippi Department of Corrections. (Ct. R., Doc. 24, Attachment to Amend. Compl.)

---

[1] Sadler has also written numerous letters which have been reviewed and considered by this Court.

In her amended complaint, Sadler states that Lusk was aware that there was no evidence to convict her of the criminal charge. (Ct. R., Doc. 19.) Sadler filed the instant civil action as a result of Lusk's alleged lack of representation in Sadler's criminal case.

## Analysis

The Prison Litigation Reform Act [PLRA], U.S.C. § 1915(e)(2)[2] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468

---

[2]Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that —

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal —
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

(5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte,* affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* As discussed below, the Court finds Sadler cannot maintain this action pursuant to 42 U.S.C. § 1983 against Lusk.

Initially, this Court must decide whether Sadler should pursue this matter requesting that she be released as a request for *habeas corpus* relief or as a civil rights action pursuant to 42 U.S.C. § 1983. The United States Court of Appeals for the Fifth Circuit has held that "any challenge to the fact or duration of a prisoner's confinement is properly treated as a *habeas corpus* matter, whereas challenges to conditions of confinement may proceed under Section 1983." *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). Sadler must pursue claims that affect her eligibility for, or entitlement to, accelerated release through *habeas corpus*. *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989). The label a plaintiff places upon the action does not dictate how the court handles the action. *Jackson*, 720 F.2d at 879. Therefore, even though Sadler seeks relief in the form of an action pursuant to 42 U.S.C. § 1983, the Court finds it clear that the nature of her complaint seeking freedom is that of a request for *habeas* relief.

3

Prior to pursuing her request for release through *habeas corpus* in federal court, Sadler is required to exhaust all of her available state remedies. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). Once she has exhausted her available state remedies, and if she does not receive the requested relief, Sadler may then file a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court within the applicable time limit.

Furthermore, to the extent that Sadler is requesting monetary damages, her claim is not cognizable under 42 U.S.C. § 1983 in that it essentially challenges Sadler's conviction and imprisonment. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court reasoned as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 2372 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). Therefore, because this action calls into question the validity of Sadler's conviction and imprisonment, and because she has failed to demonstrate that her conviction

4

and/or sentence has been invalidated as required by *Heck*, this Court finds that Sadler cannot maintain this claim under 42 U.S.C. § 1983.

Moreover, this Court finds that even if Sadler were to meet the *Heck* requirement, it is clear that she cannot maintain this section 1983 civil action against Lusk. In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). The United States Supreme Court concluded that, in order to act under color of state law, the defendant in a section 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law. *West*, 487 U.S. at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Regarding the instant complaint, there is neither an allegation nor a factual basis to establish that Lusk is a state actor. The record indicates that Lusk is a private citizen and was privately employed as Sadler's defense attorney. Any deprivation Sadler allegedly suffered from Lusk was not "under color of state law." The Court finds that Sadler's claims against Lusk for monetary damages are not cognizable under 42 U.S.C. § 1983.

### Three-strikes Provision

Because the Court finds this case should be dismissed pursuant to the above mentioned provision of the PLRA, the dismissal will be counted as a "strike". *See* 28 U.S.C. § 1915(g). If Sadler receives three strikes, she will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

## Conclusion

For the reasons set forth in this memorandum opinion, the Court finds that Sadler's complaint should be dismissed with prejudice for Sadler's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A Final Judgment in accordance with this Memorandum Opinion shall issue this date.

THIS the 29th day of July, 2005.

                                          /s/    **WALTER J. GEX III**
                                      UNITED STATES SENIOR DISTRICT JUDGE